## SUPREME COURT.

### In Re Henry M. Taylor.

Bail in an action who have been excepted to and do not justify, can surrender the defendant to the sheriff.

*It seems*, that such surrender can be made by any one of the bail.

*Cayuga County. At Chambers, on Habeas Corpus.* In August 1851, an action in the Supreme Court was commenced against the petitioner Taylor, in which he was arrested and held to bail in the sum of $10,000. An undertaking signed and acknowledged by *ten* persons, as sureties, was given; upon the receipt of which the sheriff permitted the petitioner to go at large. A certified

copy of the undertaking was served upon the attorney for the plaintiff, who in due time excepted to the sufficiency of the sureties thereto.    Notice of justification was given by the sheriff, but the sureties never justified.

In October 1852, *eight* of the sureties procured a certified copy of the undertaking and endorsed thereon an authority to one William Muir to arrest the petitioner for the purpose of surrendering him to the sheriff of Cayuga county.    The arrest and surrender were made, and the copy of the undertaking delivered to the sheriff.

The petitioner sued out a writ of habeas corpus for his discharge, and assigned as the reason why his confinement was illegal:  1st.  That the persons by whom the authority to arrest was signed, not having justified, were not the *bail* within the meaning of the section of the Code under which the said authority was given, and therefore they could not effect a surrender.

2d.  That if they were the bail, then the authority to arrest not being signed by *all* the sureties, was void, and his detention thereon illegal.

The sheriff's return to the writ, was in conformity with the above facts, and to it was annexed the certified copy of the undertaking, with the authority to arrest, endorsed thereon.

CLARENCE A. SEWARD and DAVID WRIGHT, *for Petitioner*.

GEORGE UNDERWOOD, *for the Sureties*.

HUMPHREY, County Judge.—The discharge of the defendant is claimed for the reasons, 1st. That the bail who signed the undertaking on the arrest of the defendant not having justified, after exception, are not the bail of the defendant.

The Code has made bail taken on the arrest of the defendant in a civil action, to supply the place of bail to the sheriff, and special bail of the Revised Statutes.   Section 203 (178) of the Code, makes bail taken upon the arrest, who do not justify after exception, liable to the sheriff for damages which he may sustain such omission.   And section 201 (176) makes the sheriff himself liable as bail where bail is excepted to and do not justify.   Had the sureties in the undertaking justified, the sheriff would have been exonerated from liability, according to section 196 (171).

Hence, the omission to justify has made the sheriff liable to the plaintiff as bail, and the bail taken on the arrest of the defendant. liable to the sheriff for damages which he may sustain by reason thereof. The damages occasioned to the sheriff is, that he becomes bail to the plaintiff, and the bail taken on the arrest thus becomes bail to the sheriff.

By section 188 (163) of the Code, bail may surrender the defendant in their exoneration, at any time before a failure to comply· with the undertaking, stating the manner in which it shall be done. Section 189 (164) gives the bail the power to arrest the defendant, at any time or place before they are charged, for the purpose of surrendering him; or by a written authority endorsed on a certified copy of the undertaking, the bail may empower any person of suitable age and discretion to arrest him.

By the Revised Statutes, bail to the sheriff as well as special bail, had the power to surrender their principal; and the section of the Code confers this power upon the bail which is made to answer to bail to the sheriff, or bail in the action to the plaintiff, according to the exigency of each case; depending upon the fact whether they have justified or not, after exception.

The provisions of the Code make the persons who execute the undertaking on the arrest of the defendant, liable as bail. The execution of the undertaking fixes their character as bail; if they are not excepted to, or if excepted to, and they justify as bail, the sheriff is exonerated from liability; if they are excepted to and do not justify, they are liable to the sheriff. Justification does not increase or diminish their liability. It is only a question whether the sheriff shall be exonerated, or whether he shall stand between the bail and the plaintiff in the action.

I am led to the conclusion that their position is that of bail to the sheriff, and that they have the right, as such bail, to surrender the defendant to the sheriff of Cayuga county in their exoneration.

2d. An objection was made to the manner of the arrest, that *eight* only of the ten persons who executed the undertaking, signed the authority to arrest. Four fifths of the bail united in giving this authority. Cases might frequently arise in which it might be impossible to obtain the consent of all the persons who

signed the undertaking, to a surrender of the principal. There might be one or more, who by their particular relations with the principal, or for other reasons, would not consent to a surrender. Would it be just that the remainder should be prevented from exonerating themselves by a surrender? I am of opinion that eight of the persons who signed the undertaking were sufficient to make a surrender. Petitioner remanded.